IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYLVESTER MILLER, | § | |
| | § | No. 337, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0408012099 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 9, 2018
Decided: July 17, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

(1)    The appellant, Sylvester Miller, is incarcerated at the James T. Vaughn Correctional Center.  On June 29, 2018, Miller filed a notice of appeal from the Superior Court's order of May 29, 2018, denying his fourth motion for postconviction relief.  Miller's appeal was untimely filed.  To be timely filed, the notice of appeal had to be received by the Clerk of Court no later than June 28, 2018.[1]

(2)    The Clerk issued a notice directing Miller to show cause why the appeal should not be dismissed as untimely filed.[2]  Miller filed a response to the notice, asserting that he mailed the notice of appeal from the prison on June 22,

---

[1] Del. Sup. Ct. R. 6(a)(iii), 10(a), 11(a).
[2] Del. Sup. Ct. R. 29(b).

2018. He contends that any delay in the Court's receipt of the appeal must be due to "some problem with the mail room in the institution" where he is incarcerated.

(3)    A notice of appeal must be received by the Clerk within the applicable time period to be effective.[3]   An untimely appeal cannot be considered unless an appellant can demonstrate that the failure to timely file the notice of appeal is attributable to court-related personnel.[4]

(4)    Miller does not contend, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel.[5] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] Del. Sup. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Zuppo v. State*, 2011 WL 761523 (Del. March 3, 2011) (holding that prison personnel were not court-related personnel so that any delay allegedly caused by prison personnel in placing defendant's notice of appeal in the mail could not excuse an untimely appeal).